# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

American Funeral Financial, LLC,

          Plaintiff,      Case No. 1:17-cv-05475

v.                                 Michael L. Brown
                                 United States District Judge
UPS Supply Chain Solutions, Inc.,

          Defendant.

_____/

## OPINION & ORDER

Plaintiff American Funeral Financial ("AFF") sued Defendant UPS Supply Chain Solutions, Inc. ("UPS") in state court for negligent misrepresentations about coverage under its employee benefit plan. (Dkt. 1-3.) Defendant removed the action to this Court. (Dkt. 1-5.) Plaintiff seeks to remand under 28 U.S.C. § 1447(c), arguing this Court lacks federal subject matter jurisdiction. (Dkt. 7 at 1.) The Court agrees.

## I.    Background

In March 2017, Tanya Maness died. (Dkt. 1-3 ¶ 6.) At the time, her husband, Joey Maness, worked for Defendant UPS and participated in an employee welfare benefit plan that provided access to life insurance

benefits. (Dkt. 9 at 2-3.) At the time of her death, Mrs. Maness had coverage under a group life insurance policy issued by Prudential Group Life Insurance Company. (Dkt. 1-3 ¶ 5.) Where applicable, this plan also provided participants with dependent life insurance coverage. (Dkt. 9 at 2.) The Employee Retirement Income Security Act ("ERISA") governs this plan. (*Id.*)

Mr. Maness offered to assign $22,474.75 from his wife's life insurance benefits to Plaintiff AFF if AFF agreed to pay for his wife's funeral. (Dkt. 1-3 ¶ 7.) Before agreeing to this arrangement, Plaintiff called Defendant UPS to verify that the policy covered Mrs. Maness and that the policy had sufficient funds to pay the assignment. (*Id.* ¶ 8.) Plaintiff claims Defendant "affirmatively represented to [it] . . . that the policy's available benefits would cover the proposed assignment." (*Id.* ¶ 9.) Plaintiff relied on this alleged representation by paying for Mrs. Maness's funeral and burial. (*Id.* ¶ 10.) When Plaintiff later made a claim under the assignment for plan benefits, the insurer told Plaintiff that there was no dependent coverage and that Defendant had provided a "misverification of dependent coverage." (*Id.* ¶ 13.) The insurance company thus refused to pay Plaintiff any money. (*Id.* ¶ 13.) Plaintiff

then asked Defendant to pay it the amount of the assignment, but Defendant refused. (*Id.* ¶ 15.)

Plaintiff sued Defendant in state court for negligence and misrepresentation based on Defendant's alleged "misverification" of coverage — that is, Defendant telling Plaintiff that Mr. Maness's dependent coverage included his wife when it did not. (*Id.* ¶¶ 20–21, 24–25.) Plaintiff does not allege that Mrs. Maness was — in fact — covered under the insurance policy. Plaintiff accepts the insurance company's representation that Mrs. Maness was not covered. (Dkt. 7-1 at 1 (stating that insurance funds "were never available" to Plaintiff because Mrs. Maness was ineligible for coverage).) Instead, Plaintiff sued Defendant for damages it sustained when it relied on Defendant's "misverification" of coverage — specifically, money it paid for Mrs. Maness's funeral in exchange for her husband's assignment of benefits totaling $22,474.75.

Defendant removed the case to this Court, asserting that ERISA completely preempted Plaintiff's state law claims. (Dkt. 1-1.) Plaintiff seeks remand under 28 U.S.C. § 1447(c), claiming there is no federal jurisdiction. (Dkt. 7 at 1.)

## II. Standard of Review

Removal from state to federal court is proper if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). If at any time before final judgment the federal court does not have subject matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). The defendant has the burden of proving federal jurisdiction, tested at the time of removal. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).

Because the amount in controversy here is less than $75,000, this Court does not have diversity jurisdiction over this matter. 28 U.S.C § 1332(a). The Court must rely — if at all — on federal question jurisdiction. *See* 28 U.S.C. § 1331.

The test used for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). Generally, "a case arises under federal law only if it is federal law that creates the cause of action." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

4

A narrow exception to the well-pleaded complaint rule exists where a state law claim is filed in state court but a federal statute provides complete preemption. *Id.* at 1344. Complete preemption occurs when "the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Id.* at 1343 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)). The complete preemption doctrine applies only to federal statutes that provide "the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). A party may remove the state law claim because the federal statute "wholly displaces the state-law cause of action through complete pre-emption." *Id.*

Courts must also determine whether the asserted facts of the case support removal. *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712–13 (11th Cir. 1997). For removal to be proper, the court must find that preemption applies to plaintiff's claims and the relief plaintiff seeks is available under the preemptive statute. *Id.* at 713. A court must resolve all uncertainties or "doubts about the propriety of federal jurisdiction" in favor of remand to state court. *Adventure Outdoors*, 552 F.3d at 1294.

## III. Discussion

Section 502(a) of ERISA provides the exclusive cause of action for an ERISA plan participant or beneficiary to recover benefits due under a benefit plan. 29 U.S.C. § 1132(a). If a state law cause of action falls within the scope of § 502(a), there is complete preemption because the claim "is in reality based on federal law." *Beneficial Nat'l Bank*, 539 U.S. at 8.

Defendant contends § 502(a) of ERISA completely preempts Plaintiff's state law claims, giving this Court exclusive jurisdiction. Whether Defendant is right depends on the two-part test enunciated by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Under that test, there is complete ERISA preemption if: (1) the plaintiff could have brought its claim under § 502(a); and (2) the defendant's actions implicate no other independent legal duty. *Id.*

### A. Whether Plaintiff Could Bring Its Claims Under § 502(a)

The first *Davila* prong is satisfied if: (1) the plaintiff's claim falls within the scope of ERISA and (2) the plaintiff has standing to sue under ERISA. *Conn. State Dental*, 591 F.3d at 1350.

Defendant argues that Plaintiff's claims fall within the scope of ERISA because, as an assignee and third-party service provider, it could have sought the assigned benefits under ERISA. (Dkt. 9-6.) In support of this position, Defendant cites *Gables Insurance Recovery, Inc. v. Blue Cross and Blue Shield of Florida, Inc.*, 813 F.3d 1333 (11th Cir. 2015). (Dkt. 9 at 7.) In that case, an insured under a Florida Blue health insurance plan received services from a chiropractor. *Gables*, 813 F.3d at 1335. When the chiropractor sought payment under the plan from Florida Blue, the insurer failed to pay. *Id.* The chiropractor assigned its right to payment to Gables Insurance Recovery. *Id.* Gables sued Florida Blue for breach of contract. *Id.* at 1336.

The Eleventh Circuit held that Gables's state law claims satisfied the *Davila* Test and were completely preempted by ERISA. *Id.* at 1340. The court found that Gables was, in reality, alleging a wrongful denial of benefits under an ERISA-regulated employee benefit plan, a claim that falls within ERISA. *Id.* at 1338 (citing *Davila*, 542 U.S. at 214). Defendant claims Plaintiff — like the plaintiff in *Gables* — merely seeks to enforce plan benefits.

This case, however, is different. Unlike the plaintiff in *Gables*, Plaintiff here does not claim the wrongful denial of any benefits under an ERISA-regulated employee benefit plan. (Dkt. 7-1 at 4–5.) Indeed, the essence of Plaintiff's claim is that the ERISA plan did ***not*** provide coverage and the insurance company was correct in refusing to pay the benefit. That is because Plaintiff seeks damages from Defendant for falsely (whether negligently or recklessly) telling Plaintiff that there was coverage, causing Plaintiff to pay Mrs. Maness's funeral and burial expenses. Plaintiff brought its state law claims precisely because there was never ERISA coverage and Defendant falsely said there was. Whether Plaintiff recovers from Defendant will depend not on the terms of any benefit plan, but whether Defendant owed Plaintiff a duty of care under Georgia law when it purported to verify coverage and whether Defendant violated that duty. Because Plaintiff does not allege the wrongful denial of a benefit under an ERISA plan, its claim does not fall within the scope of ERISA.

Defendant also contends that Plaintiff has standing to bring a claim under § 502(a) because the assignment Plaintiff received from Mr. Maness gave it the right to seek benefits under the ERISA plan. (Dkt. 9

8

at 7.) ERISA, however, only affords standing to sue to plan beneficiaries and plan participants. 29 U.S.C. § 1132(a)(1)(B). An exception to this limitation allows providers to obtain derivative standing to sue under ERISA through an assignment from a beneficiary or participant. *Conn. State Dental*, 591 F.3d at 1347. Even with an assignment, however, a plaintiff has standing to sue under § 502(a) only if it has a "colorable claim for benefits and the possibility of direct payment." *Id.* at 1353 (internal quotation marks omitted).

The mere existence of an assignment is not determinative about the first *Davila* prong. "[S]o long as the provider's state law claim does not fall within § 502(a), the existence of the assignment is irrelevant to complete preemption if the provider asserts no claim under the assignment." *Id.* at 1347. Here, while Plaintiff was an assignee, there was **no** possibility of direct payment to Plaintiff because — as said before — the essence of Plaintiff's claim depends on the lack of ERISA plan coverage. Plaintiff neither has nor contends to have a colorable claim for benefits under this plan because it accepts the insurance company's determination that the assignor, Mr. Maness, was never entitled to any benefits upon his wife's death. Plaintiff brings this suit not as an

assignee seeking ERISA plan benefits, but as an independent party seeking damages from Defendant's allegedly negligent representations.

Because Plaintiff asserts no claim within the scope of ERISA and lacks standing to sue under ERISA, it could not have asserted its claim under § 502(a). The first *Davila* prong is not satisfied, and Plaintiff's claims are not preempted.

### B. Whether Any Other Legal Duty Supports Plaintiff's Claims

This case also fails the second prong of the *Davila* test because an independent legal duty supports Plaintiff's causes of action. Its claims for negligence and misrepresentation arise from duties imposed on individuals and companies by Georgia common law — not ERISA. *See Robert & Co. Assocs. v. Rhodes-Haverty P'ship*, 300 S.E.2d 503, 504 (Ga. 1983) (requiring a "duty of reasonable care and competence to parties who rely upon the information" in negligent misrepresentation actions); *see Lee St. Auto Sales, Inc. v. Warren*, 116 S.E.2d 243, 245 (Ga. Ct. App. 1960) (requiring a legal duty in negligence actions to "conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm").

Defendant disagrees. Defendant argues the Eleventh Circuit held in *Gables* that misrepresentations about the right to coverage under an ERISA plan necessarily arise under that ERISA plan. (Dkt. 9 at 9.) So, Plaintiff's claim of any misrepresentations by Defendant about the extent of Mr. Maness's coverage necessarily arise under his ERISA plan. But the plaintiff in *Gables* relied on the alleged misrepresentations as part of its claim for the breach of an oral contract to provide ERISA benefits. *Gables*, 813 F.3d at 1338. In fact, the Eleventh Circuit noted that the plaintiff "expressly tether[ed]" the defendant's alleged misrepresentations "to its obligations under the ERISA insurance plan" — creating the alleged breach of an oral contract. *Id.*

Plaintiff here does not do that. Again, Plaintiff accepts that there was no coverage and does not seek to recover for the breach of any written or oral ERISA plan. It seeks damages for Defendant's alleged negligence and misrepresentations — claims not at issue in *Gables*. Plaintiff bases its negligence and misrepresentation claims solely upon the duties imposed by Georgia common law, not ERISA or any benefit plan.

Defendant also argues that, like the *Gables* court, this Court will need to analyze and interpret the benefit plan to resolve this matter.

11

(Dkt. 9 at 9–10.) That simply is not true. While the breach of contract claims in *Gables* necessarily required an analysis of the benefits plan to determine whether the insurance company wrongfully denied benefits to the chiropractor, the terms of Mr. Maness's benefits plan are irrelevant to Plaintiff's negligence and misrepresentation claims. No court will need to inquire into the specific provisions of this plan to determine whether Plaintiff has a right to recover under Georgia law for negligence or misrepresentation.

Because Plaintiff's claims are supported by legal duties independent of those arising under ERISA, these claims fail the second *Davila* prong. Plaintiff's claims fail both *Davila* prongs and are not preempted by ERISA. The Court is left with two state law causes of action over which it may not exercise jurisdiction.

## IV. Conclusion

The Court **GRANTS** Plaintiff's Motion to Remand to State Court (Dkt. 7) and **REMANDS** this action to the Superior Court of Fulton County, Georgia. The Court **DENIES AS MOOT** Defendant's Motion to Dismiss (Dkt. 8).

**SO ORDERED** this 19th day of July, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE